IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| HOUSTON SPECIALTY INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER HOME REPAIRS, INC. a Washington corporation, CHIEFTAIN, LLC, a Washington corporation, ELLIOT EASTON, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.  2:21-cv-01484<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff HOUSTON SPECIALTY INSURANCE COMPANY ("HSIC") alleges as follows:

## I.  NATURE OF ACTION

1. This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.  Plaintiff seeks a declaration of the parties' rights and obligations under a commercial general liability insurance policy issued to Defendant Premier Home Repairs, Inc. ("Premier") regarding two construction defect actions filed in King County, Washington.   In particular, HSIC contends that under the terms, conditions and exclusions of the policy of insurance HSIC

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                                                    -1

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

issued, it has no duty to defend and/or indemnify Defendant Premier Home Repairs, Inc. stemming from the allegations asserted against it in the construction defect actions described in greater detail below.

2. Plaintiff also seeks a judicial declaration that it owes no duty to defend and/or indemnify Chieftain LLC and/or its principal, Elliot Easton, based upon the additional insured endorsement language contained in the policy issued to Defendant Premier by HSIC stemming from the allegations asserted against them respectively in the construction defect actions detailed below.

## II.   PARTIES

3. Plaintiff HSIC is a Texas corporation with its principal place of business in Scottsdale, Arizona, and is authorized to do business in state of Washington. HSIC issued a primary commercial general liability insurance policy, policy number TEN-21293, to Premier effective May 7, 2018 to May 7, 2019 ("the Policy").

4. Plaintiff is informed and believes and thereon alleges that Defendant Premier is a Washington corporation with its principal place of business in Seattle, Washington. Premier is the named insured on the Policy at issue in this action.

5. Upon information and belief, Chieftain, LLC ("Chieftain") is a Washington corporation with its principal place of business in Seattle, Washington.

6. Upon information and belief, Elliot Easton is an individual and resident of Washington and is believed to be the owner and managing agent for Chieftain.

7. Upon information and belief, the DOE Defendants are unknown at this time and Plaintiff will identify each of those to the extent new and unknown parties are needed to be added to the instant action.

## III.  JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                    -2-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

$75,000.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the construction defect claims arose out of residential buildings located at 4300A-G SW Willow Street in the City of Seattle, Unit Lot Subdivision No. 3033106-LU development ("Chieftain Property").

## IV. RELEVANT FACTS

10. Based upon information and belief, Defendant Chieftain was the general contractor hired to construct residential properties in Seattle, Washington. Chieftain retained Defendant Premier as a subcontractor.

11. Based upon information and belief, Defendants Chieftain and Premier entered into a subcontract agreement (A copy is attached as Exhibit "A") signed and dated June 25, 2019.

12. The contract allegedly requires Defendant Premier to add Defendant Chieftain as an additional insured on Defendant Premier's general liability policy.

**THE MOORE ACTION**

13. On or about April 16, 2021, a group of homeowners filed suit against Chieftain, Elliot Easton ("Easton"), and RLI Insurance Company in King County Superior Court Case No. 21-2-05120-7 SEA ("the Underlying Moore Action"). The Plaintiffs in the Underlying Moore Action alleged that they purchased homes at 4300A-G SW Willow Street in the City of Seattle, Unit Lot Subdivision No. 3033106-LU development ("Moore Property"). Chieftain was the alleged general contractor for the Moore Property. The Complaint alleges Chieftain sold all homes on the Moore Property by January 2020, and that Chieftain offered a one-year warranty and signed a Seller Disclosure statement assuring all buyers that they were not aware of any defects in the property.

14. On May 10, 2021, Chieftain answered Plaintiffs' Complaint, set forth affirmative defenses, and asserted a Third-Party Complaint against several subcontractors on

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                    -3-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

the More Property project, including Premier.  The Third-Party Complaint alleged Chieftain entered into written and/or oral contracts with various subcontractors to provide labor, materials, and/or services during the design and construction of the Chieftain Property.  In particular, the Third-Party Complaint alleged that Premier installed sheet metal flashing.

15. Chieftain denied any liability to Plaintiffs. However, Chieftain alleged that if Plaintiffs prevailed on any claims against Chieftain, the subcontractors, including Premier, were liable to Chieftain for damages and costs.  Additionally, Chieftain alleged the Third-Party Defendants were required to name Chieftain as an additional insured on their commercial general liability policies, and to the extent that the Third-Party Defendants failed to do so, the Third-Party Defendants were in breach of their obligations and were liable for breach of contract.

16. On August 2, 2021, Chieftain issued a demand letter to Premier. The demand letter stated that Premier entered into a subcontract with Chieftain to install gutters and flashing at the Project.  Chieftain claimed that Plaintiffs asserted that the flashing installed by Premier at lower decks improperly terminated on the face of the siding and inappropriately relied on sealant to prevent water intrusion.  Chieftain also claimed that in addition, Premier improperly fastened gutters through the siding without counterflashing lapping over the back edge of the gutter and behind the siding at the areas between the scuppers.  Chieftain alleged that its expert, Greg Bosaz of MC Consultants, confirmed the existence of these claimed defects, as well as the water intrusion and damage resulting therefrom.

17. On June 21, 2021, Chieftain settled Plaintiffs' claims against it in the amount of $932,050.28, which allegedly represented the cost of the repair scope prepared on behalf of the defense.

18. Chieftain allocated $202,565 in damages to Premier.  Chieftain asserted that Premier is also responsible for Chieftain's attorneys' fees and costs given Premier's alleged breach of contract.  After asserting that it had incurred fees and costs of approximately

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                                              -4-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

$62,000, Chieftain's total allocation to Premier was **$264,565**.

19. Premier tendered the Underlying Complaint and related Cross-Complaint to HSIC. On September 28, 2021, HSIC agreed to defend Premier against the claims alleged against it, subject to a full and complete reservation of rights.

**THE ROHTER ACTION**

20. On May 6, 2021, a separate group of homeowners filed suit against Chieftain in King County Superior Case No. 21-2-05120-7 SEA ("the Underlying Rohter Action"). The Plaintiffs in the Underlying Rohter Action alleged that they purchased homes located at 4407 44th Avenue Southwest Units A, B and C and 4409 44th Avenue Southwest, Units A, B and C in the City of Seattle (the "Rohter Residences"). Chieftain was the alleged general contractor for the Rohter Residences. The Complaint alleges Chieftain entered into purchase and sale agreements for the Rohter Residences between November 2019 and January 2020.

21. The Underlying Rohter Action alleges that after moving into the Rohter Residences, Plaintiffs began noticing defects in the construction of the Rohter Residences, many of which are believed to be building code violations and life/safety issues that are causing further damage to the Rohter Residences including, but not limited to, water intrusion issues at the windows, walls, ceilings and roof.

22. On May 24, 2021, Chieftain answered the Underlying Rohter Complaint, set forth affirmative defenses, and asserted a Third-Party Complaint against several subcontractors on the Rohter Residence project, including Premier. The Third-Party Complaint alleges Chieftain entered into written and/or oral contracts with various subcontractors to provide labor, materials, and/or services during the design and construction of the Rohter Residences. In particular, the Third-Party Complaint alleges that Premier installed sheet metal flashing.

23. Chieftain denies any liability to the Rohter Plaintiffs. However, Chieftain alleges that if the Rohter Plaintiffs prevail on any claims against Chieftain, the subcontractors, including Premier, are liable to Chieftain for damages and costs. Additionally, Chieftain

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                                    -5-
SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

alleges the Third-Party Defendants were required to name Chieftain as an additional insured on their commercial general liability policies, and to the extent that the Third-Party Defendants failed to do so, the Third-Party Defendants are in breach of their obligations and are liable for breach of contract.

## V.  THE POLICY

24.   HSIC issued the following policy of insurance to Premier (A copy is attached hereto as Exhibit "B":

| HSIC | Policy Number TEN-21293 | May 7, 2018 to May 7, 2019 |

25.   The Policy includes CGL Coverage Form CG 00 01 12 07 which provides coverage under Coverage A for "bodily injury" or "property damage" arising out of an "occurrence" as follows:

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply[.]

\*\*\*

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

(2) The "bodily injury" or "property damage" occurs during the policy period[.]

26.   The Policy includes an endorsement entitled "Residential Exclusion – Form F"

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                                              -6-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

which states in relevant part as follows:

> 1. The following exclusion is added to Paragraph 2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability:
>
>> This insurance does not apply to and the Company shall have no obligation to provide indemnity or defense against any "occurrence", "bodily injury", "property damage", incidents or "suits" arising from any work or operations performed by you or any contractors or subcontractors working directly or indirectly on your behalf in connection with any condominium, townhome, time share, apartment converted to condominium or "new tract housing" project.
>>
>> This exclusion does not apply to repair or remodel work done on condos or townhomes (or townhouses) if such work is being done under contract with the owner(s) of the single unit being worked on.
>
> ***
>
> 3. The following definition is added to Section V- Definitions:
>
>> "New tract housing" means any new residential project involving houses, duplexes, triplexes, or quadriplexes, if either of the following conditions exists:
>>
>>> the project or subdivision consists of more than 50 lots, or more than 50 single family units; "your work" involves more than 10 units in the project or subdivision.
>>
>> It is further understood and agreed that for the purposes of this endorsement apartment building projects shall be considered commercial and not residential construction.

27.  The Policy contains an Additional Insured Endorsement which states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY (**Form CG 20 10 07 04)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                -7-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| **Only those parties required to be named as an Additional Insured in a written contract with the Named Insured under this policy, entered into prior to loss or "occurrence".** | **ALL** |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A.  **Section II Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

B.  With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2. That portion of "your work" out of which the injury or damage arises has been put to its in- tended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

COMPLAINT FOR DECLARATORY RELIEF
Case No.:   -8-
SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - COMPLETED OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): | Location And Description Of Completed Operations |
|---|---|
| **Only those parties required to be named as an Additional Insured in a written contract with the Named Insured under this policy, entered into prior to loss or "occurrence".** | **ALL** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

**Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the sched- ule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

## *THE MOORE ACTION*

### VI. FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Premier, Chieftain or Easton in the Moore Action-No Property Damage Occurred During Policy Period**

28. Plaintiffs realleges the allegations of paragraphs 1 through 27 as if fully set forth herein.

29. There is an actual controversy between Plaintiff and Defendants Premier, Chieftain and Easton, and whether HSIC is required to defend and/or indemnify Premier's

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                     -9-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

allocated share of the settlement in the Underling Moore Action because there has been no allegation that any of the alleged property damage occurred during the HSIC policy period.

30. HSICs policy incepted on May 7, 2018 and expired on May 7, 2019. The Moore Plaintiffs allege that the homes were built and for sale sometime in 2019.

31. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy based upon the lack of alleged "property damage" occurring prior to the inception of the policy period or occurring after the expiration date in order to trigger coverage. The Policy expired on May 7, 2019 and the Plaintiffs in the Underlying Moore Action does not allege any "property damage" until January 2020 at the earliest, after the Policy expired.

### VII.  SECOND CLAIM FOR RELIEF
(Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Chieftain and Easton in the Moore Action-The Subcontract Was Executed After the Expiration of the HSIC Policy**

32. Plaintiff realleges the allegations of paragraphs 1 through 31as if fully set forth herein.

33. Based upon the express terms of the additional insured endorsement which provide as follows: "Only those parties required to be named as an Additional Insured in a written contract with the Named Insured under this policy, <u>entered into prior to loss or</u> "occurrence" a condition precedent to coverage is for the written contract to be entered into before the loss of occurrence.

34. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy which does not provide a duty to defend or a duty to indemnify Defendants Chieftain and Easton because the Subcontract entered into between Defendants Premier and Chieftain as not executed until <u>after</u> the HSIC policy had expired.

35. Based upon the express terms and conditions of the Policy and all of the endorsements contained therein, Plaintiff seeks a judicial determination that its policy does not

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                        -10-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

provide coverage for, and no duty to defend or indemnify exists, with respect to Defendants Chieftain and Easton based upon the date that the subcontract was entered into.

### VIII.  THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Premier, Chieftain and Easton in the Moore Action- Exclusions J, K and L of The HSIC Policy Bar Coverage for the Moore Action**

36.  Plaintiff realleges the allegations of paragraphs 1 through 35 as if fully set forth herein.

37.  Plaintiff seeks a judicial declaration based upon the express language contained in the Policy's J, K and L exclusions: (j) "Damage to Property", "(k) Damage to Your Work" and (l)"Damage to Your Product.  None of the claims alleged in the Underlying Actions are covered based upon the application of these exclusions arising out of Premier's work, Chieftain's work and/or work performed on their behalf.

38.  Plaintiff contends that the Policy's exclusions (j, k and l)as set forth above do not provide coverage and Plaintiff seeks a judicial declaration that it has no duty to defend and/or indemnify any of the Defendants.

### IX.  FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment)
**Defendants Chieftain and Easton's Claim for Attorneys' Fees Are Expressly Excluded in the Moore Action**

39.  Plaintiff realleges the allegations of paragraphs 1 through 38 as if fully set forth herein.

40.  Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy based upon the express language of the Supplementary Payments Provision in the Policy. Plaintiff contends that HSIC's Policy which contains a Supplementary Payments Provision as follows: **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B:** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured  we defend: . . . All court costs taxed against the insured in the

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                            -11-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

1  "suit".  HOWEVER, these payments do not include attorneys' fees or attorneys' expenses
2  taxed against the insured.

3    41. Plaintiff seeks a judicial declaration that and any and all claims for
4  reimbursement of fees incurred by Chieftain (or others) are barred under the express terms of
5  the policy.

## X.  FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Premier, Chieftain and Easton in the Moore Action-The HSIC Policy's Residential Exclusion Bars Coverage**

  42. Plaintiff realleges the allegations of paragraphs 1 through 41 as if fully set forth herein.

  43. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy based upon the Residential Exclusion and that the Underlying Actions are not covered because:

> The HSIC Policy Residential Exclusion does not cover and "no obligation to provide indemnity or defense against any "occurrence", "bodily injury", "property damage", incidents or "suits" arising from any work or operations performed by you or any contractors or subcontractors working directly or indirectly on your behalf in connection with any condominium, townhome, time share, apartment converted to condominium or "new tract housing" project. This exclusion also includes the following: New tract housing" means any new residential project involving houses, duplexes, triplexes, or quadriplexes, if either of the following conditions exists:
>
> > the project or subdivision consists of more than 50 lots, or more than 50 single family units; "your work" involves more than 10 units in the project or subdivision.

  44. Plaintiff seeks a judicial determination that none of the alleged damages in either of the Underlying Actions are covered and Plaintiff does not owe a duty to defend and/or indemnify any of the Defendants based upon the application of this exclusion.

/ / /

/ / /

COMPLAINT FOR DECLARATORY RELIEF  
Case No.:  -12-  

SELMAN BREITMAN LLP  
33 Montgomery, 6th Floor  
San Francisco, Ca 94105  
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

# XI. SIXTH CLAIM FOR RELIEF
(Declaratory Judgment)
**Defendants Chieftain and Easton's Breach of Contract Claim Against Premier Lacks Merit Because Defendant Chieftain Is An Additional Insured**

45. Plaintiff realleges the allegations of paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff seeks a judicial declaration that Defendant Chieftain's breach of contract claim lacks merit because not only was the Subcontract entered into after the HSIC policy expired, Defendant Premier added Defendant Chieftain as an additional insured under the contract. Therefore, there has been no breach of contract.

47. Plaintiff seeks this court's determination that Defendant Premier complied with its duties and obligations according to the terms of the Subcontract.

48. Plaintiffs realleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

49. There is an actual controversy between Plaintiff and Defendants Premier, Chieftain and Easton, and whether HSIC is required to defend and/or indemnify Premier's allocated share of the settlement in the Underling Moore Action because there has been no allegation that any of the alleged property damage occurred during the HSIC policy period.

50. HSICs policy incepted on May 7, 2018 and expired on May 7, 2019. Both the Moore and Rohter Plaintiffs allege that the homes were built and for sale sometime in 2019.

51. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy based upon the lack of alleged "property damage" occurring prior to the inception of the policy period or occurring after the expiration date in order to trigger coverage. The Policy expired on May 7, 2019 and the Plaintiffs in the Underlying Moore Action do not allege any "property damage" until January 2020 at the earliest, after the Policy expired.

/ / /

COMPLAINT FOR DECLARATORY RELIEF
Case No.:   -13-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

THE ROHTER ACTION

## XII.  SEVENTH CLAIM FOR RELIEF
(Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Premier, Chieftain or Easton in the Rohter Action-No Property Damage Occurred During Policy Period**

52. Plaintiffs realleges the allegations of paragraphs 1 through 51 as if fully set forth herein.

53. There is an actual controversy between Plaintiff and Defendants Premier, Chieftain and Easton, and whether HSIC is required to defend and/or indemnify Premier's potential share of the settlement in the Underling Rohter Action because there has been no allegation that any of the alleged property damage occurred during the HSIC policy period.

54. HSICs policy incepted on May 7, 2018 and expired on May 7, 2019.  The Rohter Plaintiffs allege that the homes were built and for sale sometime in 2019.

55. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy based upon the lack of alleged "property damage" occurring prior to the inception of the policy period or occurring after the expiration date in order to trigger coverage.  The Policy expired on May 7, 2019 and the Plaintiffs in the Underlying Rohter Action does not allege any "property damage" until January 2020 at the earliest, after the Policy expired.

## XIII.  EIGHTH CLAIM FOR RELIEF
(Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Chieftain and Easton in the Rohter Action-The Subcontract Was Executed After the Expiration of the HSIC Policy**

56. Plaintiff realleges the allegations of paragraphs 1 through 55 as if fully set forth herein.

57. Based upon the express terms of the additional insured endorsement which provide as follows: "Only those parties required to be named as an Additional Insured in a written contract with the Named Insured under this policy, <u>entered into prior to loss or</u>

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                                  -14-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

"occurrence" a condition precedent to coverage is for the written contract to be entered into before the loss of occurrence.

58. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy which does not provide a duty to defend or a duty to indemnify Defendants Chieftain and Easton because the Subcontract entered into between Defendants Premier and Chieftain as not executed until <u>after</u> the HSIC policy had expired.

59. Based upon the express terms and conditions of the Policy and all of the endorsements contained therein, Plaintiff seeks a judicial determination that its policy does not provide coverage for, and no duty to defend or indemnify exists, with respect to Defendants Chieftain and Easton based upon the date that the subcontract was entered into.

### XIV. NINTH CLAIM FOR RELIEF
#### (Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Premier, Chieftain and Easton in the Rohter Action- Exclusions J, K and L of The HSIC Policy Bar Coverage for the Rohter Action**

60. Plaintiff realleges the allegations of paragraphs 1 through 59 as if fully set forth herein.

61. Plaintiff seeks a judicial declaration based upon the express language contained in the Policy's J, K and L exclusions: (j) "Damage to Property", "(k) Damage to Your Work" and (l) "Damage to Your Product. None of the claims alleged in the Underlying Actions are covered based upon the application of these exclusions arising out of Premier's work, Chieftain's work and/or work performed on their behalf.

62. Plaintiff contends that the Policy's exclusions (j, k and l) as set forth above do not provide coverage and Plaintiff seeks a judicial declaration that it has no duty to defend and/or indemnify any of the Defendants.

/ / /

/ / /

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                                    -15-

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

## XV.  TENTH CLAIM FOR RELIEF
### (Declaratory Judgment)
**Defendants Chieftain and Easton's Claim for Attorneys' Fees Are Expressly Excluded in the Rohter Action**

63. Plaintiff realleges the allegations of paragraphs 1 through 62 as if fully set forth herein.

64. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy based upon the express language of the Supplementary Payments Provision in the Policy. Plaintiff contends that HSIC's Policy which contains a Supplementary Payments Provision as follows: **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B:** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend: . . . All court costs taxed against the insured in the "suit". HOWEVER, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

65. Plaintiff seeks a judicial declaration that and any and all claims for reimbursement of fees incurred by Chieftain (or others) are barred under the express terms of the policy.

## XVI.  ELEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment)
**No Duty to Defend and Indemnify Defendants Premier, Chieftain and Easton in the Rohter Action-The HSIC Policy's Residential Exclusion Bars Coverage**

66. Plaintiff realleges the allegations of paragraphs 1 through 65 as if fully set forth herein.

67. Plaintiff seeks a judicial declaration of the parties' respective rights and obligations under the insurance policy based upon the Residential Exclusion and that the Underlying Actions are not covered because:

> The HSIC Policy Residential Exclusion does not cover and "no obligation to provide indemnity or defense against any "occurrence", "bodily injury", "property damage", incidents or "suits" arising from any work or operations performed by you or any contractors or subcontractors working directly or

COMPLAINT FOR DECLARATORY RELIEF  
Case No.: -16-

SELMAN BREITMAN LLP  
33 Montgomery, 6th Floor  
San Francisco, Ca 94105  
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3

indirectly on your behalf in connection with any condominium, townhome, time share, apartment converted to condominium or "new tract housing" project. This exclusion also includes the following: New tract housing" means any new residential project involving houses, duplexes, triplexes, or quadriplexes, if either of the following conditions exists:

> the project or subdivision consists of more than 50 lots, or more than 50 single family units; "your work" involves more than 10 units in the project or subdivision.

68. Plaintiff seeks a judicial determination that none of the alleged damages in the Underlying Rohter Action are covered and Plaintiff does not owe a duty to defend and/or indemnify any of the Defendants based upon the application of this exclusion.

## XVII. TWELFTH CLAIM FOR RELIEF
### (Declaratory Judgment)
**Defendants Chieftain and Easton's Breach of Contract Claim Against Premier Lacks Merit Because Defendant Chieftain Is An Additional Insured**

69. Plaintiff realleges the allegations of paragraphs 1 through 68 as if fully set forth herein.

70. Plaintiff seeks a judicial declaration that Defendant Chieftain's breach of contact claim lacks merit because not only was the Subcontract entered into after the HSIC policy expired, Defendant Premier added Defendant Chieftain as an additional insured under the contract. Therefore, there has been no breach of contract.

71. Plaintiff seeks this court's determination that Defendant Premier complied with its duties and obligations according to the terms of the Subcontract.

## XVIII. PRAYER FOR RELIEF

HSIC requests judgment against the defendants as follows:

1. For Judgment for HSIC and against Defendants, and each of them;

2. For a declaration that HSIC owes no duty to defend and/or indemnify Defendants Premier, Chieftain or Easton with regard to the Underlying Moore and/or Rohter Actions under its Commercial General Liability Policy issued to Premier by HSIC;

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                      -17
SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099
1481 100182 4836-5859-9932 .v3

3. For pre-judgment interest on all past incurred defense costs;

4. Awarding Plaintiff costs and disbursements recoverable by law; and

5. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED: November 2, 2021    SELMAN BREITMAN LLP

By: s/ Linda Wendell Hsu
LINDA WENDELL HSU, WSBA #47155
lhsu@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099
Email: lHsu@selmanlaw.com
Attorneys for Plaintiff HOUSTON SPECIALTY INSURANCE COMPANY

COMPLAINT FOR DECLARATORY RELIEF
Case No.:                                       -18

SELMAN BREITMAN LLP
33 Montgomery, 6th Floor
San Francisco, Ca 94105
T: 415.979.0400  F: 415.979.2099

1481 100182 4836-5859-9932 .v3